(No. 3999

ALLEN GALLOWAY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 16, 1948.*

VAN PEURSEM AND MCNEILLY and HENRY S. PETZ, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On August 24, 1945, the claimant, Allen Galloway, an employee of the respondent in the Department of Public Works and Buildings, Division of Highways, while trimming trees and picking up debris from the

highway right of way along U.S. Route 52 in LaSalle County, near Troy Grove, Illinois, slipped backward from a rubble wall, and turned his right ankle. Following the injury, claimant, at the instruction of his foreman, went to see Dr. W. M. Avery, in Mendota, Illinois, who prescribed an elastic bandage and rest.

On September 28, 1945, a representative of the Division of Highways called on Mr. Galloway and found his ankle still swollen and painful. An X-ray was taken at St. Mary's Hospital, LaSalle, the following day; it disclosed an incomplete fracture of the external malleolus and a small periosteal chip of the internal malleolus apparently due to a tendon rupture.

Claimant's ankle failed to improve, and on December 3, 1945, he was sent to Chicago and placed in the care of Dr. H. B. Thomas, professor emeritus of Orthopedic Surgery, Illinois University, School of Medicine, who ordered physiotherapy treatments. These treatments were begun December 28, 1945 and continued until February 5, 1946. On February 15, 1946 claimant was discharged by Dr. Thomas, and on that day compensation payments for temporary total disability, begun on August 26, 1945 were terminated. The respondent also paid medical and travelling expenses in the total amount of $98.85.

At the time of the injury, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the act. The accident arose out of and in the course of decedent's employment.

Dr. W. M. Avery, testifying on behalf of claimant, stated that the injury received by claimant, considering his age, constituted a permanent injury, and that claim-

ant would not again be able to pursue his usual course of employment. Dr. Avery, however, had not examined claimant since November 1945 when the ankle was still stiff and swollen.

Dr. C. O. Harris, of Mendota, testifying on behalf of claimant, stated that he first examined claimant on December 18, 1946; that claimant then had limited motion in his ankle joint; that there was tenderness and pain; that an X-ray showed no evidence of an old or recent fracture, but showed an indistinctness between the joints of the tarsal bones and in the right ankle joint. Dr. Harris's diagnosis was arthritis, probably traumatic, and arteriosclerosis. He found restrictions in all motions of the ankle to the extent of 25 to 35%. Dr. Harris also stated that he had examined claimant just prior to the hearing on April 29, 1947, and found the condition of claimant's ankle unchanged; that claimant could do no type of work involving the use of his right foot or ankle, but could do work that would not involve such use. He considered claimant's condition permanent, and stated that in his opinion 40% of claimant's disability was due to his age (he being a man 78 years old) and 60% was the result of the accident.

From the testimony, and from the report of Commissioner Jenkins, who observed claimant at the hearing, the court finds that claimant has not sustained, as a result of the injury, a total permanent disability, but that claimant has sustained a 33⅓% permanent partial loss of use of his right foot. Under the provisions of the Workmen's Compensation Act, he is therefore entitled to 50% of his average weekly wage for a period of 45 weeks. On the basis of his annual earnings, which were $1,443.94, his average weekly wage was $27.76. He had no children under sixteen years of age dependent upon

him for support. His compensation rate is thus $13.88. Since the injury occurred subsequent to July 1, 1945 this must be increased 20%, making a compensation rate of $16.66 per week. Claimant has been fully paid for his temporary total disability, and no moneys are due claimant for medical expenses.

An award is therefore entered in favor of the claimant, Allen Galloway, in the aggregate amount of $749.70, all of which is accrued and is payable forthwith.

The record discloses that Helen Zawacki, shorthand reporter, has submitted a statement for $15.00 for taking and transcribing the evidence. This charge is fair and reasonable.

An award is therefore entered in favor of Helen Zawacki in the amount of $15.00 which is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."